Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
MARIO OCHOA *individually and on behalf of others similarly situated,*

           *Plaintiff,*

-against-

SMART INTERIORS INC., (d/b/a SMART INTERIORS), and LUIS PACHECO.

           *Defendants.*
------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Mario Ochoa individually and on behalf of others similarly situated ("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Smart Interiors Inc. (d/b/a "Smart Interiors") ("Defendant Corporation") and Luis Pacheco (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a former employee of Defendants Smart Interiors Inc., (d/b/a/ Smart Interiors) and Luis Pacheco.

2. Smart Interiors is a custom-made, handcrafted woodworking company that specializes in design and fabrication of wood furniture and cabinets for commercial and residential projects, located at 600 Johnson Avenue Brooklyn, NY 11237.

3. Upon information and belief, Defendant Luis Pacheco serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the custom-made, handcrafted woodworking company.

4. Plaintiff Ochoa is a former employee of Defendants.

5. Plaintiff Ochoa worked at Defendant's custom-made, handcrafted woodworking shop located at 600 Johnson Avenue Brooklyn, N.Y. 11237, where his sole duties consisted of doing carpentry work.

6. Plaintiff Ochoa regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Ochoa appropriately for any hours worked over 40.

8. Defendants' conduct extended beyond Plaintiff Ochoa to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ochoa and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10. Plaintiff Ochoa now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Ochoa seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ochoa's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Ochoa was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Mario Ochoa ("Plaintiff Ochoa" or "Mr. Ochoa") is an adult individual residing in Kings County, New York.

15. Plaintiff Ochoa was employed by Defendants from approximately September 2014 until February 24, 2017. At all relevant times to this complaint, Plaintiff Ochoa was employed by Defendants as a carpenter.

16. Plaintiff Ochoa consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. Defendants own, operate, and/or control a custom-made, handcrafted woodworking company located at 600 Johnson Avenue Brooklyn, N.Y. 11237 under the name "Smart Interiors" at all times relevant to this complaint.

18. Upon information and belief, Smart Interiors Inc. (Defendant Corporation) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 600 Johnson Avenue Brooklyn, N.Y. 11237.

19. Defendant Luis Pacheco is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Luis Pacheco is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Luis Pacheco possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Luis Pacheco determined the wages and compensation of the employees of Defendants, including Plaintiff Ochoa, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a custom-made, handcrafted woodworking company located at 600 Johnson Avenue Brooklyn, N.Y. 11237.

21. Individual Defendant Luis Pacheco possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Ochoa's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ochoa, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Ochoa, and all similarly situated individuals, and are Plaintiff Ochoa's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Ochoa and/or similarly situated individuals.

26. Upon information and belief, individual Defendant Luis Pacheco operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Ochoa's employers within the meaning of the FLSA and NYLL.

28. Defendants had the power to hire and fire Plaintiff Ochoa, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Ochoa's services.

29. In each year from 2014 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the production of crafted wood products on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Ochoa is a former employee of Defendants, primarily employed in performing the duties of a carpenter.

32. Plaintiff Ochoa seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Ochoa*

33. Plaintiff Ochoa was employed by Defendants from approximately September 2014 until February 24, 2017.

34. At all relevant times, Plaintiff Ochoa was employed by Defendants as a carpenter.

35. Plaintiff Ochoa regularly handled goods in interstate commerce necessary to perform his work, including saws, hammers, wood and specialized tools produced outside of the State of New York.

36. Plaintiff Ochoa's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Ochoa regularly worked in excess of 40 hours per week.

38. From approximately September 2014 until on or about March 2015, Plaintiff Ochoa worked from approximately 8:00 a.m. until on or about 11:30 p.m., Mondays through Saturdays (typically 93 hours per week).

39. From approximately March 2015 until on or about December 2016, Plaintiff Ochoa worked from approximately 8:00 a.m. until on or about 8:30 p.m. or 10:30 p.m. four days a week and from approximately 8:00 a.m. until on or about 9:00 p.m. or 11:00 p.m. two days a week (typically 76 to 88 hours per week).

40. From approximately January 2017 until on or about February 24, 2017, Plaintiff Ochoa worked from approximately 8:00 a.m. until on or about 6:30 p.m. three days a week, from approximately 8:00 a.m. until on or about 7:00 p.m. two days a week and from approximately 8:00 a.m. until on or about 4:30 p.m. on Saturdays (typically 62 hours per week).

41. Throughout his entire period of employment, defendants paid Plaintiff Ochoa his wages in cash.

42. From approximately September 2014 until on or about December 2014, defendants paid Plaintiff Ochoa $10.00 per hour.

43. From approximately December 2014 until on or about March 2015, defendants paid Plaintiff Ochoa $12.00 per hour.

44. From approximately March 2015 until on or about March 2016, defendants paid Plaintiff Ochoa $14.00 per hour.

45. From approximately March 2016 until on or about December 2016, defendants paid Plaintiff Ochoa $17.00 per hour.

46. From approximately January 2016 until on or about February 24, 2017, defendants paid Plaintiff Ochoa $18.00 per hour.

47. Plaintiff Ochoa's wages did not vary regardless of how many additional hours he worked in a week.

48. Defendants did not provide Plaintiff Ochoa with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

49. Defendants never provided Plaintiff Ochoa with a written notice, in English and in Spanish (Plaintiff Ochoa's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Ochoa regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

51. Defendants regularly required Plaintiff Ochoa to work in excess of forty (40) hours per week without paying him the proper overtime wages.

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ochoa (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

53. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

54. By employing this practice, Defendants avoided paying Plaintiff Ochoa at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

55. Defendants failed to post required wage and hour posters in the full service custom-made, handcrafted woodworking shop, and did not provide Plaintiff Ochoa with statutorily required wage and hour records or statements of pay received, in part so as to hide

Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Ochoa's relative lack of sophistication in wage and hour laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ochoa (and similarly situated individuals) worked, and to avoid paying Plaintiff Ochoa properly for (1) his full hours worked and (2) for overtime due.

57. Defendants failed to provide Plaintiff Ochoa and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Ochoa and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office

or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59. Plaintiff Ochoa brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Smart Interiors (the "FLSA Class").

60. At all relevant times, Plaintiff Ochoa and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Ochoa's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

61. The claims of Plaintiff Ochoa stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

62. Plaintiff Ochoa repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Ochoa's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ochoa (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66. Defendants, in violation of the FLSA, failed to pay Plaintiff Ochoa (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

67. Defendants' failure to pay Plaintiff Ochoa (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Ochoa (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

69. Plaintiff Ochoa repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Ochoa overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

71. Defendants' failure to pay Plaintiff Ochoa overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff Ochoa was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

73. Plaintiff Ochoa repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to provide Plaintiff Ochoa with a written notice, in English and in Spanish (Plaintiff Ochoa's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

75. Defendants are liable to Plaintiff Ochoa in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

76. Plaintiff Ochoa repeats and realleges all paragraphs above as though set forth fully herein.

77. Defendants did not provide Plaintiff Ochoa with wage statements upon each payment of wages, as required by NYLL 195(3).

78. Defendants are liable to Plaintiff Ochoa in the amount of $5,000, together with costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ochoa respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ochoa and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ochoa's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Ochoa and the FLSA class members;

(e) Awarding Plaintiff Ochoa and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Ochoa and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ochoa and the members of the FLSA Class;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Ochoa's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ochoa and the FLSA Class members;

(j) Awarding Plaintiff Ochoa and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(k) Awarding Plaintiff Ochoa damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Ochoa and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Ochoa and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Ochoa and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ochoa demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 9, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
     Michael A. Faillace [MF-8436]
     60 East 42nd Street, Suite 2540
     New York, New York 10165
     (212) 317-1200
     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 7, 2017

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Mario Ochoa

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: *[signature]*

Date / Fecha: 07 de marzo de 2017