## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between MARIO OCHOA, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), on the one hand, and SMART INTERIORS INC., a New York corporation doing business as Smart Interiors, and LUIS PACHECO, an individual, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (Smart Interiors Inc. and Luis Pacheco are referred to collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties"), and is effective upon execution of the Parties (the "Effective Date").

## RECITALS

**WHEREAS**, the Plaintiff, through his attorneys, has asserted claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, as amended, and the New York Labor Law and related regulations, claiming allegedly unpaid overtime compensation, and failure to provide weekly wage statements and notice of pay rate/pay day forms, in an action filed in the United States District Court for the Eastern District of New York, entitled <u>Ochoa v. Smart Interiors, Inc., et al.</u>, Case No. 17-CV-1335 (RRM) (JO) (the "Action"); and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle any and all claims, charges, complaints, grievances, disputes or other potential actions of any kind whatsoever that the Plaintiff may have for the purpose of avoiding the time, expense and inconvenience of litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**WHEREAS**, the Plaintiff acknowledges and agrees that the payment of the Settlement Amount (as hereinafter defined) by the Defendants is provided as consideration for the Plaintiff's agreement to knowingly and voluntarily release, dismiss and waive his claims and any actions, charges, complaints, grievances, disputes or other potential actions of any kind whatsoever related the claims set forth in the Action against the Releasees (as hereinafter defined), including but not limited to claims for attorneys fees, costs and disbursements, and is conditioned upon acceptance by the Plaintiff of the terms of this Agreement, as manifested by Plaintiff's execution of this Agreement; and

**WHEREAS**, the Defendants acknowledge and agree that the release and covenant not to sue contained herein from the Plaintiff is provided by Plaintiff as consideration for payment of the Settlement Amount (as hereinafter defined); and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT

(1) <u>No Admission of Liability</u>. (a) The Defendants do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under the Defendants' supervision or on the Defendants' behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount (as hereinafter defined) constitute, nor shall they be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by the Defendants or by any individuals acting under the Defendants' supervision or on the Defendants' behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(b) Furthermore, the Defendants have pursued this Settlement solely to avoid the tremendous expense of trial and to preclude further counsel fees in this matter. However, the Defendants have foregone the opportunity to vindicate their alleged innocence through trial in an effort to avoid the protracted time, expense, and burden of litigation. Rather, the Defendants seek to promptly resolve this lawsuit and restore a sense of security and peace of mind among all of the Defendants' employees who have been drawn into this case. As such, this Agreement shall not serve as any form of precedence or wrongdoing in any future actions against the Defendants.

(2) <u>Submission of Agreement for Court Approval; Discontinuance of Action</u>. The Parties shall jointly request that this Agreement be provided to the Court for inspection and approval, together with the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A.

(3) <u>Consideration</u>. (a) In full and complete settlement and final satisfaction of any and all claims which the Plaintiff has, had, or may have against the Releasees (as hereinafter defined), the Defendants shall pay to the Plaintiff and his attorneys the gross total sum of **Forty Eight Thousand and 00/100 ($48,000.00)** (the "Settlement Amount"), payable in sixteen (16) equal payments of Three Thousand and 00/100 Dollars ($3,000.00). The first payment shall be delivered and be payable within seven days after the Court approves this Agreement. The second payment shall be payable on June 30, 2018, and all subsequent payments shall be due on the last day of the following months, through August 2019. All payments shall be delivered to Michael Faillace & Associates, P.C. on the seventh day following Court approval on this Agreement or the Effective date, whichever is later, and all payments after the first payment shall be postdated. All payments shall be by check payable to "Michael Faillace & Associates, P.C., As Attorneys." Counsel for the Plaintiff will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs. Furthermore, the Plaintiff's counsel will be solely responsible for the distribution of IRS 1099 to the Plaintiff.

(b) The Settlement Amount to be paid to the Plaintiff and his attorneys pursuant to this Agreement is in complete settlement of all demands or claims, whether for actual or compensatory damages, liquidated damages, interest, punitive damages, attorneys fees, costs and disbursements which the Plaintiff actually asserted or could have asserted against Defendants in the Action. The settlement payments shall be by a postdated check to be delivered to: Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, Attn: Joshua Androphy, Esq.

(c) The payments specified in subparagraph (a) above shall not be made until and unless this Agreement is approved by the Court and the Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A has been entered by the Court upon the docket of the Action.

(d) In the event that the Settlement Amount is not paid by the payment date set forth in this paragraph 3 a, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of any bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavit of Confession of Judgment, the form of which is appended hereto as Exhibit B.

(4) Full Satisfaction: It is mutually understood and agreed by all Parties to this Agreement that the Settlement Amount to be paid by the Defendants to the Plaintiff and the Plaintiff's attorneys pursuant to this Agreement shall constitute full, final and complete satisfaction and settlement of any and all claims that have or may have been asserted by the Plaintiff, whether under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., the New York Labor Law and related regulations, or for breach of contract, tort or under any other federal, state or local law, against the Releasees (as hereinafter defined) as of the date of this Agreement, and shall include all elements of recovery permitted under such laws whether for back pay, front pay, liquidated damages, compensatory damages, punitive damages, expenses, interest, attorney's fees, expert witness fees, costs or disbursements, and the Plaintiff expressly waives any and all such claims against the Releasees (as hereinafter defined). The Parties agree and affirm that the money to be paid by the Defendants to the Plaintiff and the Plaintiff's attorneys pursuant to this Agreement represents a fair and reasonable resolution of the claims raised by the Plaintiff in light of factual disputes and the totality of the circumstances.

(a)   Waiver and General Release: In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement including but not limited to the general release by Defendants, Plaintiff, for himself and his heirs, executors, administrators and their respective successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their

respective successors and assigns of and from any and all claims for damages, salaries, wages, compensation, spread of hours pay, statutory damages, overtime compensation, monetary relief and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees, and costs, for any claim brought or that could have been brought under the FLSA, NYLL, Wage Theft Prevention Act, and/or any local state or federal wage law.

(b) In consideration of the benefits, agreements and other consideration to be provided by Plaintiff as described in the Agreement, including but not limited to the general release by Plaintiff, Defendants HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Plaintiff, his heirs, executors, administrators, and assigns, of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims and demands whatsoever at law or in equity ("claims"), which Defendants ever had, now have, or which Defendants hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiff's employment by Defendants, their separation therefrom, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

(c) Plaintiff and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(d) The parties agree that the Court may keep or strike any portion of this Paragraph it deems violative of the law. However, in the event that the Court strikes or modifies this Paragraph in any manner, the general release provided by Defendants to Plaintiff in Paragraph 7(b) of this Agreement shall be deemed stricken and null and void by the parties.

(5) No Other Claims: The Plaintiff represents that, other than the Action, he has not filed any complaints or charges against the Defendants with any local, state or federal agency or court. Further, to the fullest extent permitted by law, the Plaintiff shall not do so at any time hereafter for any claim arising out of his employment with respect to actions or conduct which occurred prior to Plaintiff's execution of this Agreement. The Parties further acknowledge and agree that this Agreement and the consideration exchanged in this Agreement are contingent upon this promise not to file any such claim, complaint or charge of any kind whatever. In the event it is discovered that the Plaintiff files or has filed any such claim(s), the Plaintiff agrees to immediately take all reasonable and necessary measures to effect the prompt dismissal of such claim(s) and to pay the Releasees' reasonable attorney's fees and costs, if any, in connection with the defense and/or dismissal of any such claim(s).

(6) Non-Assignment of Claims: The Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in the Agreement and agrees to defend, indemnify and hold harmless

Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorney's fees and costs.

(7) <u>Each Party To Bear Its Own Attorney's Fees</u>. The Parties shall each bear their own attorney's fees, costs, and expenses, except as may be expressly provided herein.

(8) <u>Tax Liability and Indemnity</u>. The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Releasees or withheld by any of the Releasees on account of or from the Settlement Amount. The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of his receipt of all of the money paid by the Defendants pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that may properly constitute wages. The Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees or by the Plaintiff, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiff and the Plaintiff's attorneys pursuant to this Agreement, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If any of the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority.

(9) <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(10) <u>Entire Agreement</u>. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(11) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(12) <u>No Other Assurances</u>. The Plaintiff acknowledges that, in deciding to execute this Agreement, he has not relied upon any promises, statements, representations or commitments,

whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(13) <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(14) <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties.  The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(15) <u>Severability</u>.  If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.  Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff agrees to promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(16) <u>Captions</u>.  Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(17) <u>Execution</u>.  This Agreement may be executed with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**[NEXT PAGE IS SIGNATURE PAGE]**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OF THIS AGREEMENT AS SET FORTH ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS RELATED TO HIS EMPLOYMENT WITH DEFENDANTS THAT HE HAS OR MIGHT HAVE AGAINST THE RELEASEES.**

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

_____
MARIO OCHOA

Dated: __5/29__, 2018

_____
LUIS PACHECO, Individually and
on behalf of SMART INTERIORS
INC..

Dated: _____, 2018

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OF THIS AGREEMENT AS SET FORTH ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS RELATED TO HIS EMPLOYMENT WITH DEFENDANTS THAT HE HAS OR MIGHT HAVE AGAINST THE RELEASEES.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

_____
MARIO OCHOA

Dated: _____, 2018

_____
LUIS PACHECO, Individually and on behalf of SMART INTERIORS INC..

Dated: 0_/2/_____, 2018

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARIO OCHOA *individually and on behalf of others similarly situated*,

           *Plaintiff,*

           -against-

SMART INTERIORS INC., (d/b/a SMART INTERIORS), and LUIS PACHECO,

           *Defendants.*
-----------------------------------------------------------------X

Index No. 17-cv-1335 (RRM)(JO)
**STIPULATION AND ORDER OF VOLUTNARY DISMISSAL WITH PREJUDICE**

Upon the joint application of the Plaintiff and the Defendants, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement in the abovecaptioned action, and the Parties having consented to the entry of this Order, and sufficient cause appearing for the same; after due deliberation; it is

HEREBY ORDERED AS FOLLOWS:

1. The duly executed agreement, which includes, among other things, a waiver and release by Plaintiff of any and all claims pursuant to the Fair Labor Standards Act of 1938, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The Agreement is approved as a fair and reasonable disposition of the Plaintiff's claims; and

3. This action is hereby dismissed with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

_____  Dated: May 29, 2018
By: Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, New York 10165
Attorneys for Plaintiff

_____  Dated: 5/10, 2018
By: Michael K. Chong, Esq.
MKC Law Group LLC
2 Executive Drive, Suite 720
Fort Lee, New Jersey 07024
Attorneys for Defendants

Dated: New York, New York
_____, 2018

SO ORDERED.

_____
United States Magistrate Judge

SUPREME COURT OF THE STATE OF NEW YORK
_____ COUNTY
-----------------------------------------------------------------X
MARIO OCHOA *individually and on behalf of others similarly situated*,

       *Plaintiff*,

  -against-

SMART INTERIORS INC., (d/b/a SMART INTERIORS), and LUIS PACHECO,
       Defendants,

-----------------------------------------------------------------X

<u>AFFIDAVIT OF
CONFESSION
OF JUDGMENT</u>

STATE OF NEW YORK  )
          ) ss.
COUNTY OF _____ )

  Luis Pacheco, being duly sworn, deposes and says:

  I, Luis Pacheco, am an owner of Smart Interiors Inc. with a principal place of business located at 600 Johnson Avenue Brooklyn, N.Y. 11237

  I reside at _____.

  I have authority to sign on behalf of Smart Interiors Inc. and I am duly authorized to make this affidavit on the undersigned entity's behalf.

  On behalf of myself personally and on behalf of Smart Interiors Inc., I hereby confess judgment and authorize entry of judgment against myself personally and against Smart Interiors Inc. in favor of Plaintiff Mario Ochoa for the sum of $50,000, less any payments previously received pursuant to the terms of the Settlement Agreement and General Release of Claims dated April___, 2018 (the "Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§

1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of Smart Interiors Inc. and Luis Pacheco, jointly and severally.

_____
Luis Pacheco,
Individually, and as owner of Smart Interiors Inc..

## CORPORATE ACKNOWLEDGMENT
## OF SMART INTERIORS INC.

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF Kings    )

On the 21 day of May, 2018, before me personally came Luis Pacheco, as the authorized manager of Smart Interiors Inc. to me known who, being by me duly sworn, did depose that he is the authorized manager of Smart Interiors Inc., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

OLGA I. NARANJO
Notary Public, State of New York
No. 01NA6280098
Qualified in Kings County
Commission Expires April 22, 2021

**PERSONAL ACKNOWLEDGMENT OF LUIS PACHECO**

STATE OF NEW YORK )
) ss:
COUNTY OF Kings )

On the 21 day of May 2018, before me personally came Luis Pacheco, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

*[signature]*
Notary Public

OLGA T NARANJO
Notary Public, State of New York
No. 01NA6280808
Qualified in Kings County
Commission Expires April 22, 20__