UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARIO OCHOA,
*Individually and on behalf of other similarly situated*

                        Plaintiff,                        <u>**ORDER ADOPTING SETTLEMENT**</u>

      - against -                                 17-CV-1335 (RRM)(JO)

SMART INTERIORS, INC. d/b/a Smart Interiors;
and LUIS PACHECO,

                       Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

In March 2017, plaintiff Mario Ochoa commenced this collective action pursuant to the Fair Labor Standards Act and New York Labor Law, seeking to recover unpaid overtime wages from his former employer, defendant Smart Interiors Inc. (d/b/a Smart Interiors), and its owner or principal, defendant, Luis Pacheco. The case was referred to mediation and the parties reached a settlement. On May 10, 2018, the parties filed a letter addressed to Magistrate Judge Orenstein asking the Court "to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)." (Letter to Hon. James Orenstein from Michael Faillace, Esq., dated May 9, 2018 (Doc. No. 31), p. 1).

Judge Orenstein conducted three telephone conferences in which he examined all of the issues required pursuant to *Cheeks*. At the first conference, which took place on May 16, 2018, Judge Orenstein expressed concerns about the scope of the release and the amount allocated for attorneys' fees. (*See* 5/16/18 Civil Conference Minute Order (Doc. No. 32)). In response to those concerns, the parties withdrew their request for approval and submitted a revised

1

settlement proposal. (Letter to Hon. James Orenstein from Michael Faillace, Esq., dated May 29, 2018 (Doc. No. 33)).

Judge Orenstein reviewed that proposal at a second conference on June 26, 2018. While he found that the revised settlement agreement cured "the earlier problem with the scope of the release," Judge Orenstein found that the proposed fee award remained too high. He noted that the proposed fee award was "triple the amount of a lodestar which is in turn based on hourly rates higher than normally awarded in this district." (6/26/18 Civil Conference Minute Order (Doc. No. 34)). He stated that if the parties were to "revise the agreement to propose fees based on hourly rates awarded in this district and a multiplier of no more than two (with the amount left over from the fee reduction included in the plaintiff's recovery)," he would recommend that the Court approve it. (*Id.*).

Later on June 26, 2018, the parties filed a second revised settlement proposal. At a conference on July 26, 2018, Judge Orenstein placed on the record his reasons for concluding that that proposal still provided for excessive attorneys' fees. However, he stated that, with the consent of the parties, he would "recommend that [the Court] approve the settlement with the total amount of fees and costs … to be paid to counsel reduced to $8,110.00, and the remainder of the settlement amount to be paid to the plaintiff." (7/26/18 Civil Conference Minute Order (Doc. No. 36)).

The parties apparently consented, for on July 26, 2018, Judge Orenstein entered on ECF an entry entitled, "Sua Sponte Report and Recommendations" as follows:

> With the parties' consent, I respectfully recommend that the court approve the proposed settlement with one change: the amount allocated to reimbursing counsel should be reduced to $8,110.00, with the remainder of the settlement amount to be distributed to the plaintiff. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Any objections to this Report and

2

> Recommendation must be filed no later than August 9, 2018. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.

To date, no party has filed any objections to Judge Orenstein's recommendation.

This Court has conducted a review of Judge Orenstein's thorough analysis and finds no error, and, out of an abundance of caution, reviewed the terms of the settlement agreement *de novo* pursuant to the standards set forth in *Cheeks*. The Court agrees entirely with Judge Orenstein that with the one amendment reducing the amount of attorney's fees, the revised settlement agreement filed on June 26, 2018 meets the requisites of *Cheeks*. As such, the Court approves the settlement with that one amendment.

## **CONCLUSION**

For the reasons set forth herein, the Court adopts the July 26, 2018 recommendation of Magistrate Judge Orenstein, and approves the revised settlement agreement filed on June 26, 2018 (Doc. No. 35) with one amendment: the amount allocated to reimbursing counsel shall be reduced to $8,110.00, with the remainder of the settlement amount to be distributed to the plaintiff. As the parties have settled this action, the Clerk of Court is hereby directed to close the file.

SO ORDERED.

Dated: Brooklyn, New York
      March 1, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge